UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **RAYMOND BIGELOW**,<br><br>Plaintiff,<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY & BRAD LALIBERTE,**<br><br>Defendants. | Civil Action No. 1:08-cv-00254-S-LDA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS OF ALLSTATE INSURANCE COMPANY**

In August of 2002, Plaintiff Raymond Bigelow and Defendant Brad Laliberte were in a motor vehicle accident. Two and a half years later, Plaintiff filed the present action seeking damages from Defendant Laliberte for bodily injuries allegedly arising out of that accident. Plaintiff also sought relief from Allstate Insurance Company ("Allstate") arising out of its alleged use of certain claim handling practices and procedures; namely, the "Defense of Litigated Files" (DOLF) program. Specifically, Plaintiff alleged that Allstate was contractually and statutorily required to disclose the DOLF program to its policyholders.[1/] Because Plaintiff failed to allege a legally viable claim against Allstate, on June 6, 2008, the Rhode Island Superior Court (Thompson, J.) granted Allstate's motion for summary judgment. That same day, the Superior Court granted Plaintiff's motion to amend his complaint.

[1/] Plaintiff is an Allstate policyholder.

In the Amended Complaint, Plaintiff attempts to retool his individual claim – which was dismissed by way of summary judgment – into a class action claim. As set forth more fully below, Plaintiff fails to state a claim against Allstate upon which relief can be granted for four separate and distinct reasons. First, there is no contractual requirement to provide Plaintiff with Allstate's claim handling practices and procedures. Second, there is no statutory or regulatory requirement to provide Plaintiff with Allstate's claim handling practices and procedures. Third, in the absence of any injury, Plaintiff fails to allege a viable breach of contract claim against Allstate. Fourth, the Superior Court's June 6, 2008 summary judgment ruling constitutes "law of the case" precluding Plaintiff from reasserting claims which were previously dismissed. Because Plaintiff cannot assert a viable individual claim against Allstate, he likewise cannot assert claims on behalf of a putative class.[2/] Accordingly, pursuant to F.R.C.P. 12(b)(6), the Plaintiff's claims against Allstate should be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As noted, the present action arises out of an August 14, 2002 motor vehicle accident in Foster, Rhode Island. On March 1, 2005, Plaintiff filed a two-count complaint in Washington County Superior Court, Rhode Island. In Count 1, Plaintiff sought tort-based damages against the driver of the other motor vehicle, Defendant Laliberte, for injuries that the Plaintiff allegedly sustained in the accident. In Count 2, Plaintiff sought relief arising from Allstate's alleged violations of the Unfair Claims Settlement Practices Act (R.I.G.L. §27-9.1-1), the Deceptive Trade Practices Act (R.I.G.L. §6-13.1-1), and Regulation 73 (R.I. Department of Business

---

[2/] The putative class is defined as "all Rhode Island residents with current policies of automobile insurance in full force and effect." Amended Complaint at ¶ 49.

Regulation, Division of Insurance, Regulation 73), a copy of which is attached hereto as Ex. A. Thereafter, pursuant to Super. R. Civ. P. 12(e), Plaintiff filed a more definitive statement regarding Count 2, a copy of which is attached hereto as Ex. B.[3/]

In July of 2007, Allstate moved for summary judgment on the grounds that (a) Regulation 73 does not provide for a private cause of action; and (b) the business of insurance is exempt from the Deceptive Trade Practices Act. After a series of hearings on Allstate's summary judgment motion, Plaintiff voluntarily dismissed the Deceptive Trade Practices Act claim. As for the Unfair Claims Settlement Practices Act and Regulation 73 claims, on June 6, 2008, the Superior Court (Thompson, J.) entered summary judgment in favor of Allstate and against Plaintiff.[4/]

While Allstate's summary judgment motion was pending, on April 9, 2008, Plaintiff moved to amend his Complaint to add breach of contract and class action counts against Allstate.[5/] At the June 6, 2008 hearing – when Allstate's motion for summary judgment was granted – the Superior Court granted Plaintiff's motion to amend.

The Amended Complaint, which is the basis of the present motion to dismiss, contains three counts. In Count 1, Plaintiff continues to seek tort-based damages from Defendant Laliberte arising out of the accident. In Counts 2 and 3, Plaintiff asserts breach of contract and class action allegations, respectively, against Allstate. As with the prior complaint, Counts 2 and 3 arise out of Allstate's alleged failure to inform its policyholders of the purported DOLF claim

---

3/ For the Court's convenience, Allstate has attached hereto at Exs. B- E copies of certain pleadings previously filed in this case.

4/ As requested by the Superior Court (Thompson, J.) on June 30, 2008, Allstate submitted a proposed Order regarding the Court's summary judgment decision. A copy of the proposed Order is attached hereto as Ex. C. To date, the Order has not been signed. Allstate has requested a copy of the transcript of the June 6, 2008 hearing and will provide the transcript to this Court upon receipt.

handling practices and procedures. Pursuant to the Class Action Fairness Act, Allstate removed the purported class action to this Court. *See* 28 U.S.C. §§1441(a), 1453 and 1332(d).

## II. ARGUMENT

### A. The Rule 12(b)6) Motion To Dismiss Standard

To survive a rule 12(b)(6) dismissal, the Plaintiff's well pleaded facts must "possess enough heft to show [that the Plaintiff] is entitled to relief." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1959 (2007)). For purposes of such analysis, the Court must take the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause. *Clark*, 513 F.3d at 112. Nonetheless the court must reject all "unsupported conclusions or interpretations of law." *Id*.

It is axiomatic that affirmative defenses, such as claim preclusion, may be properly raised in a motion to dismiss for failure to state a claim. *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003); *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001). A motion to dismiss also may be based on an affirmative defense if the following two conditions are met: (1) the facts that establish the defense are definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public records, and other matters of which the court may take judicial notice, and (2) the facts so gleaned conclusively establish the affirmative defense. *In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 16 (granting a motion to dismiss for failure to state a claim based on the affirmative defense of claim preclusion).

---

(Continued from previous page)
[5/] Plaintiff did not seek to amend his complaint as to Defendant Laliberte.

In reviewing a motion to dismiss under Rule 12(b)(6), courts may ordinarily consider documents attached to the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). In addition, courts may also consider: (i) documents the authenticity of which are not disputed by the parties; (ii) official public records; (iii) documents central to plaintiffs' claim; and (iv) documents sufficiently referred to in the complaint." *Id.*

### B. Count 2 Of The Amended Complaint Should Be Dismissed Because Allstate Has Breached No Contractual, Statutory Or Regulatory Duties To Plaintiff And Because This Claim Is Precluded By Prior Adjudication Of The Claim By The Superior Court.

#### 1. Count 2 Of The Amended Complaint Fails To State A Claim Because Allstate Is Not Contractually Obligated To Disclose Its Claim Handling Practices And Procedures To Plaintiff.

It is well settled that, in Rhode Island, a third party claimant cannot assert a bad faith claim against the tortfeasor's liability insurer. *Auclair v. Nationwide Mut. Ins. Co.*, 505 A.2d 431, 431 (R.I. 1986) (holding that an insurer's "obligation to deal with settlement offers in good faith runs only to the insured"). As such, Plaintiff cannot assert a bad faith claim against Allstate (Laliberte's insurer) arising out of the November 2002 motor vehicle accident. Thus, any claim against Allstate must arise out of Plaintiff's status as an Allstate insured. *See Cianci v. Nationwide Ins. Co.*, 659 A.2d 662, 666 (R.I. 1995) (to recover on a bad faith claim, a plaintiff must be an insured).

In a nutshell, Plaintiff alleges that Allstate was contractually required to disclose to its policyholders its claim handlings practices and procedures, including the DOLF program. Amended Complaint at ¶¶ 11-14, 27-29. Plaintiff, however, does not – and cannot – allege that a particular provision in the automobile insurance policy requires the disclosure of claim handling

practices and procedures. There is simply no such provision anywhere in his policy.[6/] Accordingly, there is no basis for Plaintiff to assert a breach of contract claim against Allstate.

The absence from Plaintiff's automobile insurance policy of any specific written duty to disclose claims handling practices and procedures is, by itself, dispositive of Plaintiff's breach of contract claim. Unsurprisingly, there are no cases stating that such a contractual duty exists. There are, however, hundreds of decisions addressing the discoverability (or not) of an insurer's claim handling practices and procedures. The disposition of those cases underscores the absence of any ***contractual*** duty to disclose internal claim handling practices. By way of example, in *Allstate Ins. Co. v. Langston*, 655 So.2d 91 (Fla. 1995), plaintiff sought uninsured motorist benefits under a policy of insurance that Allstate issued to the plaintiff. In connection with her claim, she served discovery seeking information regarding Allstate's claim handling practices and procedures. Allstate refused to produce the discovery on relevancy grounds. The Florida Supreme Court held that the requested discovery was irrelevant and thus, quashed the lower district court decision. *Id.* at 95. Likewise, in *Garvey v. Nat'l Grange Mut. Ins. Co.*, 167 F.R.D. 391, 396 (E.D.Pa. 1996), a federal district court precluded, on relevancy grounds, an insured from discovering manuals and guidelines regarding the insurer's internal policies and procedures. Were there a contractual duty to produce such documents, not only would it be unnecessary to move to compel their production, but their lack of relevancy to the underlying disputes would be an insufficient ground to bar their disclosure. Conversely, where courts have required the production in litigation of documents concerning insurers' internal practices and procedures, such orders have been based on the relevancy of such documents to the dispute in

---

[6/] A copy of the relevant insurance policy was purportedly attached to the Complaint at ¶ 4 (*see* Ex. D) and is attached to Plaintiff's motion dated May 13, 2005 to determine the sufficiency of Allstate's responses to Plaintiff's requests for admission. As for the purported Customer Service Pledge, it is not part of the insurance policy.

which discovery was sought, and not on any contractual duty of disclosure. *See, e.g., Blockbuster Entm't Corp. v. McComb Video, Inc.*, 145 F.R.D. 402 (M.D.La. 1992); *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803 (Ky. 2004).

Although in the discovery context, these four decisions reveal the fundamental flaw in Plaintiff's argument. If, as Plaintiff alleges, an insurer is contractually required to disclose its claim handling practices and procedures, then there would be no need for an insured to request the documents through discovery. Likewise, there would be no discovery disputes regarding the production of these documents. This is simply not the case. There are numerous discovery disputes over the production of an insurer's claim handling practices and procedures because an insurer is ***not*** contractually required to disclose such documents. Accordingly, there is no basis for Plaintiff's allegation that an insurer and, in particular, Allstate, is contractually obligated to disclose its claim handling practices and procedures.

**2. Count 2 Of The Amended Complaint Fails To State A Claim Because There Is No Statutory or Regulatory Provision Mandating Disclosure Of Allstate's Internal Claims Handling Practices And Procedures.**

Despite his inability to point to any specific policy provision, Plaintiff nonetheless alleges that Allstate had an "affirmative duty to fully disclose to Bigelow all ***pertinent benefits, coverage, or other provisions of 'The Policy'*** upon request." Amended Complaint at ¶ 13 (emphasis added). Significantly, Plaintiff does not allege that Allstate failed to provide him with a copy of his policy. Rather, Plaintiff suggests that he is entitled to receive copies of Allstate's claim handling practices and procedures and, in particular, the DOLF program. *See id.* at ¶¶ 13, 43, 53. As for the purported duty, Plaintiff's allegations to that effect parrot the requirements of Regulation 73. Plaintiff's apparent reliance on this regulation as the basis for a duty to disclose

claims handling practices is misplaced, as it confers no rights on third parties and applies only to claims by insureds against their own policies.[7/]

The enabling statute for Regulation 73 is the Unfair Claims Settlement Practices Act (UCSPA), which provides, in relevant part, as follows:

> The purpose of this chapter is to set forth standards for the investigation and disposition of claims arising under policies or certificates of insurance issued to residents of Rhode Island. It is not intended to cover claims involving workers' compensation, fidelity, suretyship or boiler and machinery insurance. *Nothing contained in this chapter shall be construed to create or imply a private cause of action for violation of this chapter.*

RIGL § 27-9.1-1. (Emphasis added). Pursuant to the UCSPA, the Division of Insurance adopted Regulation 73. *See* Ex. A (Insurance Regulation 73: Unfair Property/Casualty Claims Settlement Practices Regulation, § 1). Consistent with the UCSPA, the purpose of Regulation 73 is to establish "minimum standards for the investigation and disposition" of claims made against an insured. *Id.* at § 2.

In language that is particularly germane to Plaintiff's claims against Allstate, Regulation 73 provides that

> [a]n Insurer shall fully disclose to its Insured all ***pertinent benefits, coverage, or other provisions of a Policy*** under which a claim has been presented."

*Id.* at § 5(A) (emphasis added). This provision is virtually identical to the Plaintiff's allegations against Allstate in the Amended Complaint:

- "Allstate has an affirmative duty to fully disclose to Bigelow all ***pertinent benefits, coverage, or other provisions of "The Policy"*** upon request." Amended Complaint at ¶ 13 (emphasis added);

---

7/ As for any common law claim, to prevail on a common law for breach of the duty of good faith and fair dealing, a "plaintiff first must show that he or she is entitled to recover on the contract before he or she can prove that the insurer dealt with him or her in bad faith." *Zarrella v. Minn. Mut. Life Ins. Co.*, 824 A.2d 1249, 1261 (R.I. 2003). As Plaintiff does not assert that he is entitled to recover under the policy – either in connection with a first or third party claim – Plaintiff cannot sustain his burden.

- "Pursuant to the express and/or implied terms of "The Policy, Allstate is contractually obligated to fully disclose to plaintiff and class member plaintiffs, ***all pertinent benefits, coverages, policy provisions***, claims handling policies and procedures, insured rights and responsibilities, and the manner in which all claims will be defended and/or settled pursuant to "The Policy" and according to Rhode Island Law. . . ." *Id*. at ¶ 43 (emphasis added);

- "Plaintiff seeks preliminary and permanent injunctive relief and equitable relief on behalf of the entire class, on grounds generally applicable to the entire class, to require Allstate to fully and fairly disclose to its policyholders, the alleged ***pertinent benefits, protections*** and other provisions of its CCPR/DOLF claims handling program. . . ." *Id*. at ¶ 53.

Thus, without actually citing Regulation 73, Plaintiff nonetheless appears to rely on the regulation as a basis to allege a duty to disclose claim handling practices and procedures.

Plaintiff's attempt to shoehorn his allegations into Regulation 73 must fail for three reasons. First, consistent with its enabling statute, the UCSPA, there is no private cause of action for an alleged violation of Regulation 73. An insured's sole remedy is to file a written complaint with the Division of Insurance. *Id.* at § 9. Second, claim handling practices and procedures do not constitute benefits or coverage under an insurance policy. Instead, these practices and procedures are the means whereby an insurer investigates and defends claims against its insureds. Third, Regulation 73 is only applicable when "a claim has been presented." *Id.* Here, there is no claim against the Plaintiff. To the contrary, Plaintiff has asserted a claim against Defendant Laliberte.

In sum, Regulation 73 is the only regulatory provision that even remotely provides a legal basis for Plaintiff's argument. Regulation 73, however, does not apply to Plaintiff's claims against Allstate. Accordingly, there is no legal basis for Plaintiff to assert that Allstate is required to disclose its claim handling practices and procedures because they constitute a "pertinent benefit or coverage" of the insurance policy.

**3. Count 2 Of The Amended Complaint Fails To State A Claim For Breach Of Contract Because Plaintiff Does Not Allege Any Injury Resulting From The Alleged Breach.**

A breach of contract claim, as here, requires the existence of a contract, a breach, and damages. *See Petrarca v. Fid. & Cas. Ins. Co.*, 884 A.2d 406, 410 (R.I. 2005) (plaintiff "must not only prove both the existence and breach of a contract, he also must prove that the defendant's breach thereof caused him damages") (citing *Rendine v. Catoia*, 158 A. 712, 713 (1932)). Even if the insurance policy required disclosure of Allstate's claim handling practices and procedures, which Allstate denies, Plaintiff fails to allege any injury arising out of this alleged breach. Indeed, while the Amended Complaint is replete with inflammatory rhetoric and allegations against Allstate, the Plaintiff does not allege that he was actually harmed by Allstate's actions.

More specifically, Plaintiff does *not* allege that, as a result of Allstate's claim handling practices and procedures, he was harmed in the settlement of a claim. Likewise, Plaintiff does *not* allege that, as a result of these practices and procedures, Allstate failed to reasonably handle a claim made against him. Rather, Plaintiff complains that he generally disagrees with Allstate's purported approach to investigate, defend and settle claims made against Allstate insureds. Such a disagreement fails to provide the basis for a viable claim against Allstate. In the absence of any injury, Count 2 of the Amended Complaint alleging breach of contract should be dismissed.

**4. Count 2 Of The Amended Complaint Should Be Dismissed Because The Prior Entry Of Summary Judgment Against Plaintiff is the "Law Of The Case."**

It is well settled that a federal court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered." *Torromeo v. Town of Fremont,* 438 F.3d 113, 115-16 (1st Cir.2006) (quoting *Migra v.*

*Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984)). It is likewise well settled that "a legal decision made at one stage of a criminal or civil case constitutes the law of the case throughout the pendency of the litigation." *Rio Mar Assocs., v. UHS of Puerto Rico, Inc.*, 522 F.3d 159, 167 (1st Cir. 2008). *See also Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 83 (1st Cir. 2008) (on "law of the case" grounds, the First Circuit declined to hear plaintiff's argument on appeal); *United States v. Bell*, 988 F.2d 247, 253 (1st Cir. 1993) ("the law of the case doctrine dictates that all litigation must sometime come to an end").

Here, prior to the Plaintiff's filing and serving of the Amended Complaint, the Superior Court (Thompson, J.) granted Allstate's motion for summary judgment. Significantly, in both the Complaint and Plaintiff's More Definite Statement Relative to Count 2 Pursuant to Rule 12(E) ("Plaintiff's Rule 12(E) Statement"), the Plaintiff argued – as he does here – that Allstate is contractually obligated to disclose its claim handling practices and procedures and, in particular, the DOLF program. More specifically, in the Complaint, Plaintiff alleged:

- "Pursuant to the express and/or implied terms of 'The Policy', Allstate is contractually obligated to fully disclose to [the Plaintiff] all pertinent benefits, coverage's [sic], policy provisions, claims handling policies and procedures, insured rights and responsibilities, and the manner in which all claims will be defended and/or settled pursuant to 'The Policy' and according to Rhode Island Law." Ex. D, ¶ 17;

- "On December 28, 2004 [Plaintiff], by and through his "counsel of record" requested counsel for LaLiberte/Allstate to 'fully disclose the DOLF program to its insured, [the Plaintiff], without further legal action.' ('Exhibit 3')" *Id.* at ¶ 23 (emphasis in original);

- "Allstate and Laliberte and counsel for Allstate/Laliberte have failed to comply with [Plaintiff's] disclosure request despite [Plaintiff's] reasonable demand(s) for the aforementioned policy claims handling information." *Id.* at ¶ 24; and

- "Allstate has breached its covenant of good faith and fair dealing in failing to provide its insured, [the Plaintiff], with the information requested in 'Exhibit 3.'" *Id.* at ¶ 25.

- "Allstate has violated Regulation 73, § 5 (A) in failing to disclose to [the Plaintiff] the information requested in Exhibit 3." *Id*. at ¶ 27;

Similarly, in Plaintiff's Rule 12(E) Statement, Plaintiff alleged:

- "Section 5(A) of Insurance Regulation 73 entitled Section 5 (A) of Insurance Regulation 73 entitled "Miscellaneous Obligations of Insurer" states; 'An insurer shall fully disclose to its insured all pertinent benefits, coverages, or other provisions of a Policy under which a claim has been presented.'" Ex. B, ¶2;
- "At all times material hereto, plaintiff Raymond Bigelow had a policy of automobile insurance issued by Allstate in full force and effect." *Id. at* ¶3;
- "Plaintiff, [ ] has made written requests to Allstate directly and through Allstate's designated counsel of record for the disclosure of all pertinent benefits under the [the Plaintiff's] automobile insurance policy." *Id. at* ¶5;
- "Allstate has refused and/or otherwise failed to disclose to its policyholder, [the Plaintiff], all pertinent benefits of the [Plaintiff's] automobile insurance policy." *Id. at* ¶6;
- "Allstate's 'DOLF' (aka Defense of Litigated Files) program is a pertinent benefit of the [Plaintiff's] automobile insurance policy." *Id. at* ¶7;
- "The [Plaintiff's] automobile insurance policy is a legal contract between Allstate and [Plaintiff]." *Id. at* ¶8;
- "The pertinent benefits of the Bigelow policy are not limited to the four corners of the written contract." *Id. at* ¶11;
- "Pursuant to the express an/or implied terms of the [Plaintiff's] policy, Allstate is contractually obligated to fully disclose to [the Plaintiff] any and all pertinent benefits of its DOLF program." *Id. at* ¶12;
- "Wherefore plaintiff seeks a judicial determination from this Honorable court pursuant to § 9-30-1 declaring: 1. Allstate shall fully disclose the pertinent benefits of its DOLF program to [the Plaintiff]." *Id. at* p. 2.

Based on these allegations, Allstate moved for summary judgment. As here, Allstate argued that (a) neither the Unfair Claims Settlement Practices Act nor Regulation 73 creates a private cause of action; (b) Allstate's claim handling policies and procedures are not a "benefit, coverage or provision" of the Allstate policy; and, more specifically, (c) the DOLF program is

not a "benefit, coverage or provision" of the Allstate Policy.[8/] On June 6, 2008, the Superior Court granted Allstate's motion. The June 6, 2008 decision constitutes the "law of the case" and, unless and until the decision is appealed, the decision is binding upon the Plaintiff. *Rio Mar Assocs.,* 522 F.3d at 167; *Bell*, 988 F.2d at 253.

Just as in Plaintiff's Complaint and Rule 12(E) Statement, the Amended Complaint alleges that Allstate is contractually obligated to disclose its claim handling practices and procedures and, in particular, the DOLF program. *See* Amended Complaint at ¶¶ 11-13, 24, 27, 43, 49(b)(1). Likewise, the Amended Complaint reiterates the allegation that Allstate's failure to disclose its claim handling practices and procedures violates the purported duty of good faith and fair dealing. *See id.* at ¶ 14, 29, 49(b)(2), 57. Moreover, as in the Complaint and Rule 12(E) Statement, Plaintiff's Amended Complaint here again seeks injunctive relief requiring Allstate to disclose the DOLF program. *Id*. at pp. 4, 20-21, 23. Because these allegations were fully briefed, argued, and resolved by the Superior Court, the law of the case bars the Plaintiff from asserting these allegations by means of an Amended Complaint. Accordingly, Count 2 of the Amended Complaint should be dismissed.

### C. Because Plaintiff's Individual Claim Should Be Dismissed, Count 3 Of The Amended Complaint Should Likewise be Dismissed.

In Count 3 of the Amended Complaint, Plaintiff seeks relief on behalf of a putative class of Allstate policyholders. However, as set forth above, Plaintiff lacks a legally viable individual claim against Allstate. In the absence of an individual claim, Plaintiff's claim on behalf of the putative class likewise fails. *Cruz v. Farquarson,* 252 F.3d 530, 533-34 (1st Cir. 2001) ("despite

---

[8/] A copy of Allstate's motion for summary judgment and accompanying memorandum of law is attached hereto as Ex. E.

the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims have been fully resolved"); *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994) (plaintiff's class action claim moot given the entry of summary judgment on his individual claim); *Porter v. Texaco, Inc.*, 985 F.Supp. 380, 381 n.1 (S.D.N.Y. 1997) ("because plaintiff's individual claims are dismissed, the class claims necessarily fail as well"). Accordingly, Count 3 of the Amended Complaint should be dismissed.

## IV. CONCLUSION

For all of the above reasons, Defendant Allstate Insurance Company respectfully requests that Counts 2 and 3 of the Amended Complaint be dismissed.

**ALLSTATE INSURANCE COMPANY**,

By its attorneys,

/s/ Paul S. Callaghan
Paul S. Callaghan, Esq. #4931
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500

*Of counsel:*
Kevin M. McGinty, Esq. *(pro hac vice motion pending)*
Nancy D. Adams, Esq. *(pro hac vice motion pending)*
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Dated: August 11, 2008

**CERTIFICATE OF SERVICE**

I, Paul S. Callaghan, hereby certify that a true and accurate copy of the foregoing *Memorandum of Law in Support of Motion to Dismiss of Allstate Insurance Company* has been furnished this 11th day of August, 2008, by facsimile and United States Mail, postage pre-paid, to:

Dennis D. Bossian, Esq.
231 Quaker Lane
West Warwick, Rhode Island 02903
(401) 828-5463
(401) 828-5974 (fax)

/s/ Paul S. Callaghan
Paul S. Callaghan

4402485v.1