# EXHIBIT B

JUN 27 2005

STATE OF RHODE ISLAND
WASHINGTON, SC

SUPERIOR COURT

RAYMOND BIGELOW :

VS. : C.A. NO. WC/05-136

BRAD LALIBERTE and
ALLSTATE INSURANCE COMPANY :

**PLAINTIFF'S MORE DEFINITE STATEMENT RELATIVE TO COUNT 2 PURSUANT TO RULE 12 (E)**

1. Count 2 of the complaint seeks declaratory relief pursuant to § R.I.G.L. 9-30-1 entitled the "Uniform Declaratory Judgments Act," as amended.

2. Section 5 (A) of Insurance Regulation 73 entitled "Miscellaneous Obligations of Insurer" states; "An insurer shall fully disclose to its insured all pertinent benefits, coverages, or other provisions of a Policy under which a claim has been presented."

3. At all times material hereto, plaintiff Raymond Bigelow had a policy of automobile insurance issued by Allstate in full force and effect.

4. At all times material hereto, defendant Brad Laliberte had a policy of automobile insurance issued by Allstate in full force and effect.

5. Plaintiff, Raymond Bigelow has made written requests to Allstate directly and through Allstates designated counsel of record for the disclosure of all pertinent benefits under the Bigelow automobile insurance policy.

6. Allstate has refused and/or otherwise failed to disclose to its policyholder, Raymond Bigelow, all pertinent benefits of the Bigelow automobile insurance policy.

7. Allstates "DOLF" (aka Defense of Litigated Files) program is a pertinent benefit of the Bigelow automobile insurance policy.

8. The Bigelow automobile insurance policy is a legal contract between Allstate and Raymond Bigelow.

9. The Bigelow automobile insurance policy is a "contract of adhesion."

10. Allstate advertises, promotes, offers, explains and sells its automobile insurance policies, such as the Bigelow policy, through its television commercials, internet web site, and by and through its sales agents and staff.

11. The pertinent benefits of the Bigelow policy are not limited to the four corners of the written contract.

12. Pursuant to the express and/or implied terms of the Bigelow policy, Allstate is contractually obligated to fully disclose to Raymond Bigelow any and all pertinent benefits of its DOLF program.

13. The DOLF program is not a confidential claims handling process.

14. Allstate has promoted, discussed, explained and/or otherwise disclosed its DOLF program to members of the Rhode Island bench and bar.

Wherefore, plaintiff seeks a judicial determination from this Honorable court pursuant to § 9-30-1 declaring;

1. Allstate shall fully disclose the pertinent benefits of its DOLF program to Raymond Bigelow.

Plaintiff, Raymond Bigelow
By his Attorney,

Dennis D. Bossian, Esq., #3674
4160 Old Post Road, Suite 205
Charlestown, RI 02813
(401) 364-5974

## CERTIFICATION

I hereby certify that a true copy of the within was mailed to the following counsel of record on this 24th day of June, 2005:

Paul S.Callaghan, Esq. #4931
123 Dyer Street
Providence, RI 02903