# EXHIBIT D

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RAYMOND BIGELOW :

vs. : C.A. NO. WC 05- 136

BRAD LALIBERTE :
ALLSTATE INSURANCE COMPANY

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
05 MAR -1 PM 2:13

COMPLAINT

COUNT 1

1. Plaintiff, Raymond Bigelow is a resident of the Town of Hope Valley, County of Washington, State of Rhode Island. ("Bigelow")

2. Defendant, Brad Laliberte is a resident of the Town of Foster, County of Providence, State of Rhode Island. ("Laliberte")

3. Defendant, Allstate Insurance Company ("Allstate") is, and at all times material hereto was, a corporation licensed to do business and doing business in the State of Rhode Island.

4. Defendant, Allstate issued a policy of automobile insurance to the plaintiff pursuant to policy number 619395347 that at all times material hereto, was in full force and effect. ("The Policy") ("Exhibit 1" attached hereto)

5. On or about August 14, 2002, Laliberte was the owner and operator of a motor vehicle traveling eastbound on Route 101 at the intersection of Route 94 a public highway, in the Town of Foster, State of Rhode Island.

6. At the aforementioned time and place, Laliberte negligently operated said motor vehicle causing same to collide with the driver's side rear of a motor vehicle owned, operated and occupied by Bigelow.

7. At all times material hereto, Bigelow was in the exercise of due care.

8. As a direct and proximate result of the negligence of Laliberte, Bigelow sustained a loss of use of his automobile, sustained severe injuries to his body and mind, has incurred and will continue to incur medical expenses for the care and treatment of same, has suffered and will continue to suffer lost wages and/or loss of earning capacity, and has been forced to suffer and will

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

continue to suffer further pain, suffering and loss of enjoyment of life all to his detriment.

9. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

Wherefore, Bigelow demands judgment against Laliberte in an amount sufficient to fully compensate him for his damages herein alleged plus statutory interest and costs.

## COUNT 2

10. Bigelow hereby repeats and realleges paragraphs 1 through 9 of COUNT 1 as if fully set forth herein.

11. Bigelow hereby seeks the benefits of § R.I.G.L. 9-30-1 entitled the "Uniform Declaratory Judgments Act," as amended.

12. Upon information and belief, Allstate implemented a national claims handling process in Rhode Island in the summer of 1998, known as "Defense of Litigated Files" aka ("DOLF").

13. Upon information and belief, Allstate does not disclose the DOLF claims handling process to its premium paying policyholders, such as the plaintiff herein, Bigelow.

14. Pursuant to Regulation 73, § 5 (A) entitled "Miscellaneous Obligations of Insurer" Allstate is obligated to … "Fully disclose to its insured (Bigelow) all pertinent benefits, coverage's, or other provisions of a policy under which a claim has been presented."

15. At all times material hereto, Laliberte had a policy of automobile insurance issued by Allstate, and said policy was in full force and effect.

16. Bigelow has presented a medical payments and property damage claim against Allstate pursuant to his first party coverage, as well as a third party liability claim against Allstate pursuant to the liability policy issued to Laliberte.

17. Pursuant to the express and/or implied terms of "The Policy", Allstate is contractually obligated to fully disclose to Bigelow all pertinent benefits, coverage's, policy provisions, claims handling policies and procedures, insured rights and responsibilities, and the manner in which all claims will be defended and/or settled pursuant to "The Policy" and according to Rhode Island Law.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington

18. On November 16, 2004, a statutory pre-litigation arbitration hearing was held pursuant to R.I.G.L. § 27-10.3-1, before a mutually agreed upon arbitrator.

19. Prior to the hearing, Allstate offered Bigelow a "*firm and final*" offer in the amount of eight thousand five hundred ($8,500) dollars pursuant to its DOLF protocols.

20. On November 17, 2004, a written award was rendered in favor of Bigleow in the amount of eleven thousand ($11,000) dollars plus pre-suit statutory interest, raising the total award to thirteen thousand, nine hundred and seventy ($13,970) dollars. ("Exhibit 2")

21. Bigelow, by and through his "counsel of record," conveyed his willingness to accept the arbitrators pre-suit arbitration award.

22. On or about December 3, 2004, by and through Laliberte's "counsel of record" and pursuant to its DOLF "*automatic rejection rule*," Allstate rejected the mutually agreed upon arbitrator's award and claimed Laliberte's right to a jury trial on all issues.

23. On December 28, 2004 Bigelow, by and through his "counsel of record" requested counsel for Laliberte/Allstate to "*fully disclose the DOLF program to its insured, Mr. Bigelow without further legal action.*" ("Exhibit 3")

24. Allstate and Laliberte and counsel for Allstate/Laliberte have failed to comply with Bigelow's disclosure request despite Bigelow's reasonable demand(s) for the aforementioned policy claims handling information.

25. Allstate has breached its covenant of good faith and fair dealing in failing to provide its insured, Bigelow, with the information requested in "Exhibit 3."

26. Upon information and belief, Allstate intentionally fails to disclose the DOLF claims handling process to its insured's by:

A) Failing to disclose the DOLF claims handling process in the written contracts issued to its policyholders, such as Bigelow herein.
B) Failing to disclose the DOLF claims handling process in the written endorsements to the written insurance contracts issued to its policyholders, such as Bigelow herein.
C) Failing to disclose the DOLF claims handling process through its employees, agents, sales, and/or claims staff.
D) Failing to disclose the DOLF claims handling process on its internet site.
E) Failing to disclose the DOLF claims handling process through "counsel of record" selected to defend lawsuits filed against its premium paying policyholders.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington

27. Allstate has violated Regulation 73, § 5 (A) in failing to disclose to Bigelow the information requested in "Exhibit 3."

28. Allstate has violated R.I.G.L. § 27-9.1-4 entitled "Unfair Claims Practices Act."

29. Allstate has violated R.I.G.L. § 6-13.1-1 entitled "Deceptive Trade Practices" including but not limited to Section (5) (xiii).

Wherefore, Bigelow hereby demands injunctive relief, together with counsel fees pursuant to R.I.G.L. § 9-1-45, and costs pursuant to R.I.G.L.§ 9-30-10 for having to bring COUNT 2 herein, together with any and all further relief this honorable Court deems fair and just under the circumstances, including punitive damages for Allstates willful, intentional, and malicious acts and/or omissions as set forth herein.

Plaintiff, Raymond G. Bigelow
By his Attorney,

/ Dennis / Bossian

Dennis D. Bossian, Esq., #3674
4160 Old Post Road, Suite 205
Charlestown, RI 02813
(401) 364-5974

Date: March 1, 2005

PLAINTIFF DEMANDS A TRIAL BY JURY
AND HEREBY DESIGNATES DENNIS D. BOSSIAN, ESQ.,
AS "COUNSEL OF RECORD"

True Copy Attest

C. R. [signature]

Offices of Clerk of Superior Court
County of Washington