# EXHIBIT E

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RAYMOND BIGELOW :
:
VS. : C.A. NO. WC/05-136
:
BRAD LALIBERTE AND :
ALLSTATE INSURANCE COMPANY :

**DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COUNT 2 OF PLAINTIFF'S COMPLAINT, INCLUDING PLAINTIFF'S MORE DEFINITE STATEMENT RELATIVE TO COUNT 2**

Defendant Allstate Insurance Company hereby moves for summary judgment with respect to Count 2 of plaintiff's complaint, including plaintiff's more definite statement with respect to Count 2. As grounds for said motion, Allstate submits that there is no genuine issue as to any fact material to Count 2 of plaintiff's complaint or plaintiff's more definite statement with respect to Count 2 and Allstate is entitled to judgment as a matter of law with respect to Count 2 of plaintiff's complaint and plaintiff's more definite statement.

In support of this motion, Allstate relies upon the memorandum of law submitted contemporaneously with the motion.

Defendant,
Allstate Insurance Company,
By Its attorneys,

HIGGINS, CAVANAGH & COONEY, LLP

Paul S. Callaghan, Esq. #4931
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**NOTICE**

Kindly take notice that the undersigned will bring the above motion on for hearing before the Superior Court for the County of Washington on the 20th day of August, 2007, at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard.

Paul S. Callaghan

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed to the following counsel of record on this 30th day of July, 2007.

Dennis Bossian, Esq.
Law Offices of Dennis Bossian
231 Quaker Lane
West Warwick, RI 02893

Tracy Folan

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RAYMOND BIGELOW :
:
VS. : C.A. NO. WC/05-136
:
BRAD LALIBERTE AND :
ALLSTATE INSURANCE COMPANY :

**DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COUNT 2 OF PLAINTIFF'S COMPLAINT, INCLUDING PLAINTIFF'S MORE DEFINITE STATEMENT RELATIVE TO COUNT 2**

Defendant Allstate Insurance Company hereby moves for summary judgment with respect to Count 2 of plaintiff's complaint, including plaintiff's more definite statement with respect to Count 2. As grounds for said motion, Allstate submits that there is no genuine issue as to any fact material to Count 2 of plaintiff's complaint or plaintiff's more definite statement with respect to Count 2 and Allstate is entitled to judgment as a matter of law with respect to Count 2 of plaintiff's complaint and plaintiff's more definite statement.

In support of this motion, Allstate relies upon the memorandum of law submitted contemporaneously with the motion.

Defendant,
Allstate Insurance Company,
By Its attorneys,

HIGGINS, CAVANAGH & COONEY, LLP

Paul S. Callaghan, Esq. #4931
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**NOTICE**

Kindly take notice that the undersigned will bring the above motion on for hearing before the Superior Court for the County of Washington on the 20th day of August, 2007, at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard.

Paul S. Callaghan

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed to the following counsel of record on this 30th day of July, 2007.

Dennis Bossian, Esq.
Law Offices of Dennis Bossian
231 Quaker Lane
West Warwick, RI 02893

Tracy Tolar

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RAYMOND BIGELOW :
:
VS. : C.A. NO. WC/05-136
:
BRAD LALIBERTE AND :
ALLSTATE INSURANCE COMPANY :

**DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COUNT 2 OF PLAINTIFF'S COMPLAINT, INCLUDING PLAINTIFF'S MORE DEFINITE STATEMENT RELATIVE TO COUNT 2**

Defendant Allstate Insurance Company hereby moves for summary judgment with respect to Count 2 of plaintiff's complaint, including plaintiff's more definite statement with respect to Count 2. As grounds for said motion, Allstate submits that there is no genuine issue as to any fact material to Count 2 of plaintiff's complaint or plaintiff's more definite statement with respect to Count 2 and Allstate is entitled to judgment as a matter of law with respect to Count 2 of plaintiff's complaint and plaintiff's more definite statement.

In support of this motion, Allstate relies upon the memorandum of law submitted contemporaneously with the motion.

Defendant,
Allstate Insurance Company,
By Its attorneys,

HIGGINS, CAVANAGH & COONEY, LLP

Paul S. Callaghan, Esq. #4931
123 Dyer Street
Providence, RI 02903
(401) 272-3500

## NOTICE

Kindly take notice that the undersigned will bring the above motion on for hearing before the Superior Court for the County of Washington on the 15th day of October, 2007, at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard.

Paul S. Callaghan

## CERTIFICATION

I hereby certify that a true copy of the within was mailed to the following counsel of record on this 6th day of August, 2007.

Dennis Bossian, Esq.
Law Offices of Dennis Bossian
231 Quaker Lane
West Warwick, RI 02893

Tracy Folan

**HEARING DATE: AUGUST 20, 2007**

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RAYMOND BIGELOW :
:
VS. : C.A. NO. WC/05-136
:
BRAD LALIBERTE AND :
ALLSTATE INSURANCE COMPANY :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COUNT 2 OF PLAINTIFF'S COMPLAINT, INCLUDING PLAINTIFF'S MORE DEFINITE STATEMENT RELATIVE TO COUNT 2**

## I. INTRODUCTION

This case arises out of an automobile accident which occurred on August 14, 2002 in Foster, Rhode Island. On that date, defendant Brad Laliberte was the owner and operator of a motor vehicle that was involved in a collision with a motor vehicle owned and operated by plaintiff Raymond Bigelow. Plaintiff claims that the accident was caused by Mr. Laliberte's negligence and that, as a proximate result of his negligence, he sustained bodily injuries.

Plaintiff initially filed a two-count complaint, a copy of which is attached to this memorandum as Exhibit A. Count 1 of plaintiff's complaint sets forth a negligence claim against defendant Brad Laliberte arising out of the subject accident. Count 2 of plaintiff's complaint sets forth a purported direct claim against Mr. Laliberte's insurer, defendant Allstate Insurance Company (hereinafter "Allstate"). At the time of the accident, both Mr. Bigelow and Mr. Laliberte had automobile insurance policies with Allstate. Count 2 of plaintiff's complaint demands injunctive relief, counsel fees, costs

and punitive damages. Plaintiff alleges in Count 2 of the complaint that Allstate violated Insurance Regulation 73, §5(A) because it did not disclose the existence of a "national claims handling process" known as "Defense of Litigated Files (a/k/a "DOLF")." See plaintiff's complaint at paragraph 12. Plaintiff alleges, "upon information and belief," that "Allstate does not disclose the DOLF claims handling process to its premium paying policyholders." Id. at paragraph 13. Plaintiff further alleges that Allstate's failure to inform its insureds of the existence of the DOLF program violates Insurance Regulation 73, R.I.G.L. §27-9.1-4 (The Unfair Claims Practices Act) and R.I.G.L. §6-13.1-1 (The Deceptive Trade Practices Act). Id. at paragraphs 27-29.

On or about May 5, 2005, Allstate moved to dismiss Count 2 of plaintiff's complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure on the grounds that Count 2 failed to state a claim upon which relief can be granted. Allstate argued in support of its motion to dismiss that, even if the allegations contained in Count 2 are viewed in a light most favorable to the plaintiff, it is clear beyond a reasonable doubt that plaintiff is not entitled to relief under any set of facts that could be proven. After hearing on the motion, the court ordered plaintiff to provide a more definite statement of his claim against Allstate pursuant to Rule 12(e) of the Rules of Civil Procedure. The court denied Allstate's motion to dismiss Count 2 of plaintiff's complaint, without prejudice to Allstate refiling the motion after plaintiff's more definite statement was filed.

On or about June 24, 2005, plaintiff filed a more definite statement relative to Count 2. A copy is attached hereto as Exhibit B. In the more definite statement, plaintiff has apparently dropped his claims for injunctive relief, costs, and punitive damages against Allstate. Plaintiff's more definite statement relative to Count 2 of the complaint

seeks a declaratory judgment, pursuant to R.I.G.L. §9-30-1, requiring that Allstate be ordered to disclose the "pertinent benefits" of its DOLF claims handling process to the plaintiff, purportedly in compliance with Insurance Regulation 73, §5(A). See Plaintiff's More Definite Statement Relative to Count 2, attached hereto as Exhibit B. Plaintiff alleges that DOLF is a pertinent benefit of his automobile insurance policy. Id. at paragraph 7. Allstate has denied this allegation in its answer to plaintiff's more definite statement.

Allstate respectfully submits that it is entitled to summary judgment with respect to both Count 2 of plaintiff's complaint, and plaintiff's more definite statement relative to Count 2 of the complaint, pursuant to Rule 56 of the Rules of Civil Procedure because there is no genuine issue as to any material fact relating to Count 2 or the more definite statement and Allstate is entitled to judgment as a matter of law.

## II. APPLICABLE STANDARD

Under Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure, a trial justice should grant summary judgment in favor of a moving party if the justice determines that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See e.g. Palmisciano v. Burrillville *Racing Association*, 603 A.2d 317, 320 (R.I. 1992). "Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the non-moving party, the court determines that there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126 (R.I. 2001). The trial justice must look to "the pleadings, depositions, answers to interrogatories and admissions on file together with the

affidavits, if any" submitted by the parties in order to determine whether summary judgment should be granted. R.I. Sup. Ct. R. Civ. Pr. 56(c). A party that opposes a motion for summary judgment cannot rely on mere allegations or denials contained in the pleadings to defeat the motion. Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980). Rather, the non-moving party must affirmatively assert facts that raise a genuine issue to be resolved. Valino v. General Dynamics, 539 A.2d 531, 533 (R.I. 1988). If the trial justice has determined that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, then summary judgment should be granted.

## III. ARGUMENT

### A. ALLSTATE IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO COUNT 2 OF PLAINTIFF'S COMPLAINT BECAUSE NEITHER INSURANCE REGULATION 73 NOR THE UNFAIR CLAIMS SETTLEMENT PRACTICES ACT CREATES A PRIVATE CAUSE OF ACTION FOR VIOLATIONS OF THE REGULATION OR THE ACT

Plaintiff alleges in Count 2 of his complaint that Allstate violated the Unfair Claims Settlement Practices Act, R.I.G.L. §27-9.1-1, et. seq. and Insurance Regulation 73 (The Unfair Property/Casualty Claims Settlement Practices Regulation). Allstate respectfully submits that there can be no private cause of action arising out of alleged violations of The Unfair Claims Settlement Practices Act or Insurance Regulation 73 because the Act itself specifically provides that no private cause of action is created or implied.

R.I.G.L. §27-9.1-1 provides in pertinent part as follows:

> "The purpose of this chapter is to set forth standards for the investigation and disposition of claims arising under policies or certificates of insurance issued to residents of Rhode Island.

> It is not intended to cover claims involving workers' compensation, fidelity, suretyship or boiler and machinery insurance. Nothing contained in this chapter shall be construed to create or imply a private cause of action for violation of this chapter. (Emphasis added)"

The unambiguous language of R.I.G.L. §27-9.1-1 makes clear that nothing in The Unfair Claims Settlement Practices Act can be construed to create or imply a private cause of action for violation of the Act. Insurance Regulation 73 was adopted under the authority of The Unfair Claims Settlement Practices Act. Because The Unfair Claims Settlement Practices Act itself does not create or imply a private cause of action, it logically follows that a regulation adopted under its authority cannot create or imply a private cause of action, such as that suggested by the plaintiff. The purpose of Regulation 73, as set forth therein, "is to establish minimum standards for the investigation and disposition of property and casualty claims ... and to define procedures and practices which may constitute unfair claims settlement practices." Nothing in the regulation can be construed to imply or create a private cause of action for violation of The Unfair Claims Settlement Practices Act or Regulation 73. In fact, Section 9 of Regulation 73 sets forth a procedure for the Rhode Island Department of Business Regulation to review complaints alleging violations of the regulation. Nothing in Section 9 of the Regulation suggests, creates or implies a private cause of action. Rather, it sets forth the procedure for filing of a complaint with the Department of Business Regulation.

The Rhode Island Supreme Court has held that a Rule 12(b)(6) motion should be granted where plaintiff alleges that a defendant insurer engaged in unfair and deceptive trade practices in violation of the Unfair Claims Settlement Practices Act. See Solomon v. Progressive Casualty Insurance Co., 685 A.2d 1073, 1075 (R.I. 1996). In the Solomon case, the Supreme Court noted that "by the express terms of the statute, plaintiffs' claim

for damages [for alleged violations of the Unfair Claims Settlement Practices Act] is without merit." Id. Therefore, our Supreme Court has made clear that there is no private cause of action for alleged violations of the Unfair Claims Settlement Practices Act. Because The Unfair Claims Settlement Practices Act and Regulation 73 do not create or imply a private cause of action, Allstate is entitled to summary judgment with respect to that portion of Count 2 of plaintiffs complaint alleging violations of the Act and Regulation 73.

**B. EVEN IF THERE WERE A PRIVATE CAUSE OF ACTION FOR VIOLATIONS OF THE UNFAIR CLAIMS SETTLEMENT PRACTICES ACT OR REGULATION 73, PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff alleges in Count 2 of the complaint that Allstate violated The Unfair Claims Practices Act and Regulation 73 by failing to disclose the existence of the DOLF "national claims handling process". See plaintiffs complaint at paragraph 12. Specifically, plaintiff alleges a violation of Section 5(A) of Regulation 73. Section 5(A) of Regulation 73 provides as follows: "An Insurer shall fully disclose to its Insured all pertinent benefits, coverages or other provisions of a Policy under which a claim has been presented."

In this case, plaintiff alleges in Count 2 of the complaint that DOLF is a "claims handling process." See plaintiff's complaint at paragraphs 12, 13, and 26. Defendant submits that, on its face, plaintiff's complaint does not state a claim upon which relief can be granted because a "claims handling process," by its very nature, is not a "benefit, coverage or provision" of an insurance policy. A "claims handling process" is just that: a process by which claims are handled after they are made. A claims handling process is

not a benefit, coverage or provision of an insurance policy. Furthermore, Regulation 73 does not contain any requirement that "claims handling processes" be disclosed to insureds. Therefore, plaintiff is not be entitled to relief under Count 2 under any sets of circumstances which might be proved in support of the claim that Allstate failed to disclose the DOLF "claims handling process" to its policyholders and, as such, Allstate is entitled to judgment as a matter of law on Count 2 of the complaint.

## C. ALLSTATE IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFF'S MORE DEFINITE STATEMENT RELATING TO COUNT 2 BECAUSE THE "DOLF" CLAIMS HANDLING PROCESS IS NOT A "BENEFIT, COVERAGE OR OTHER PROVISION" OF ANY ALLSTATE POLICY

Plaintiff's more definite statement relative to Count 2 of the complaint seeks a declaratory judgment, pursuant to R.I.G.L. §9-30-1, requiring that Allstate be ordered to disclose the "pertinent benefits" of its DOLF claims handling process to the plaintiff, purportedly in compliance with Insurance Regulation 73, §5(A). See Plaintiff's More Definite Statement Relative to Count 2, attached hereto as Exhibit B. Plaintiff alleges that DOLF is a pertinent benefit of his automobile insurance policy. Id. at paragraph 7. Allstate has denied this allegation in its answer to plaintiff's more definite statement.

Allstate respectfully submits that it is undisputed that the DOLF "claims handling process" is not a "pertinent benefit, coverage, or other provision" of any Allstate policy. See affidavit of Ida Berger of Allstate attached hereto as Exhibit C. Therefore, Allstate has no duty to disclose information about DOLF to its insureds. Allstate ony has to disclose the benefits, coverages and provisions of the policy – there is nothing requiring disclosure of its internal claim handling procedures.

In this case, plaintiff alleges that DOLF is a "claims handling process." See plaintiff's complaint at paragraph 12, 13, and 26. As previously stated, a claims handling process is what its name implies - an internal process by which claims are handled after they are made. As set forth in Exhibit C attached to this motion, the Allstate "DOLF" claim handling guidelines are for internal use by Allstate claim representatives handling bodily injury claims against Allstate and its insureds. See Exhibit C at paragraph 6. The DOLF claims handling guidelines are not a benefit, coverage or provision of any Allstate policy. Id. at paragraph 7. Furthermore, the claim at issue in this case has never been subject to those claims handling guidelines. Id. at paragraph 8.

Regulation 73 does not contain any requirement that "claims handling processes," "claims handling guidelines" or internal claims handling procedures be disclosed to insureds. All that must be disclosed is "pertinent benefits, coverages or other provisions" of the policy. In this case, it is undisputed that the "DOLF" claim handling guidelines are not a part of any Allstate policy. Therefore, plaintiff is not entitled to the declaratory relief requested in the more definite statement relating to Count 2. Simply put, because the DOLF program is not a part of any Allstate policy, Allstate has no obligation under Insurance Regulation 73, §5(A) or otherwise to disclose information regarding the DOLF program to the plaintiff. As such, Allstate is entitled to summary judgment with respect to Count 2 and plaintiff's more definite statement with respect to Count 2.

D. **PLAINTIFF DOES NOT HAVE STANDING TO BRING A BAD FAITH CLAIM AGAINST ALLSTATE FOR ALLSTATE'S HANDLING OF PLAINTIFF'S CLAIM AGAINST DEFENDANT BRAD LALIBERTE**

Defendant Allstate respectfully submits that plaintiff has no direct cause of action against Allstate for bad faith, or otherwise, arising out of Allstate's handling of plaintiff's claim against the Allstate insured, Mr. Laliberte. The law in Rhode Island is clear that there is no statutory or common law cause of action for bad faith against a tortfeasor's insurer.

1. **Plaintiff has no statutory cause of action against Allstate, in its capacity as the tortfeasor's insurer.**

R.I.G.L. §27-7-2 states in pertinent part that an "injured party . . . in his or her suit against the insured, shall not join the insurer as a defendant." The only exceptions to this rule are when process is returned "non est inventus", where the insured has died or filed bankruptcy or where the injured party has obtained a judgment against the insured. See R.I.G.L. §27-7-2. None of these exceptions apply in this case. Therefore, plaintiff has no statutory right to bring an action against Allstate in its capacity as the tortfeasor's liability insurer.

2. **Plaintiff does not have a common law cause of action against Allstate in its capacity as the tortfeasor's insurer.**

The Rhode Island Supreme Court has stated that, "in Rhode Island and in most other jurisdictions, an injured party lacks standing to maintain a direct action for damages against a tortfeasor's insurer until and unless the injured party has secured a judgment against the tortfeasor." Mendez v. Brites, 849 A.2d 329, 333 (R.I. 2004) (Citing Canavan v. Lovett, Schefrin & Harnett, 745 A.2d 173, 174-75 (R.I. 2000)); Farmer's Insurance

Exchange v. District Court for the Fourth Judicial District, 862 P.2d 944, 948 (Colo. 1993)). The Supreme Court has made clear that "there is no duty on the part of an insurance carrier for a third-party to settle promptly with a claimant." Auclair v. Nationwide Mutual Insurance Company, 505 A.2d 431 (R.I. 1986). "The relationship between the claimant and the insurance carrier for a third-party alleged to be liable is an adversary relationship giving rise to no fiduciary obligation on the part of such insurance carrier to the claimant. Any obligation to deal with settlement offers in good faith runs only to the insured." See Bean v. Allstate Insurance Company, 285 Md. 572, 403 A.2d 793 (1979) and cases cited therein; See also Cianci v. Nationwide Insurance Company, 659 A.2d 662 (R.I. 1995).

The case law cited in the previous paragraph makes clear that the plaintiff herein, Mr. Bigelow, has no common law cause of action for bad faith or breach of contract against Allstate in its capacity as Mr. Laliberte's insurer. Furthermore, because plaintiff is an "injured party" pursuant to R.I.G.L. §27-7-2, he has no right to bring a declaratory judgment action against Allstate in its capacity as Mr. Laliberte's insurer. See Mendez, supra at 333 (wherein it is discussed that §27-7-2 prohibits an "injured party" from bringing a direct action for damages or a declaratory judgment action against a tortfeasor's insurer). Therefore, Allstate is entitled to summary judgment with respect to those portions of Count 2 of plaintiffs complaint which can be construed as direct claims against Allstate in its capacity as Mr. Laliberte's insurer.

E. **COUNT 2 OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR DECEPTIVE TRADE PRACTICES PURSUANT TO R.I.G.L. §6-13.1-1, ET SEQ.**

Plaintiff alleges in paragraph 29 of his complaint that Allstate violated R.I.G.L. §6-13.1-1 entitled "Deceptive Trade Practices." Allstate respectfully submits that plaintiffs complaint fails to state a claim upon which relief can be granted for "deceptive trade practices" under R.I.G.L. §6-13.1-1, et seq., or otherwise, because the insurance business is specifically exempted from the provisions of the Deceptive Trade Practices Act.

The Rhode Island Supreme Court and Rhode Island legislature have made clear that the business of insurance is exempt from the provisions of the Deceptive Trade Practices Act because it is subject to monitoring and approval by state and federal regulatory bodies. See R.I.G.L §6-13.1-4, State v. Piedmot Funding Corp., 382 A.2d 819 (R.I. 1978); Doyle v. Chihoski, 443 A.2d 1243 R.I. 1982). In the Piedmont Funding case, the Supreme Court held that where defendants were engaged in the business of selling insurance and securities, both of these activities were approved by various governmental agencies and regulatory bodies on both the state and federal level and were therefore exempt for the provisions of the Deceptive Trade Practices Act The Deceptive Trade Practices Act provides as follows: "Nothing in this chapter shall apply to actions or transactions permitted under laws administered by the department of business regulation or other regulatory body or officer acting under statutory authority of this state or the United States." R.I.G.L. §6-13.1-4. The Supreme Court has interpreted this section of the Deceptive Trade Practices Act to mean that there is a preemption of an action for unfair or deceptive trade practices where there is a separate legislative act which applies. Kelly

v. Cowesett Hills Associates, 768 A.2d 425, 431-32 (R.I. 2001) (holding that the removal of asbestos is governed by the Asbestos Abatement Act and, therefore, the Asbestos Act, preempts the action filed by the plaintiff for deceptive trade practices under the Deceptive Trade Practices Act).

In this case, plaintiff alleges violations with respect to the handling of an insurance claim. Such activities are governed by the Unfair Claims Settlement Practices Act and are subject to regulation by the Department of Business Regulation and other state and federal regulatory bodies or officers. As such, any claim asserted by plaintiff for deceptive trade practices under the Deceptive Trade Practices Act is specifically preempted by the very terms of the Act. Therefore, summary judgment should enter in Allstate's favor with respect to those claims

## IV. CONCLUSION

For the foregoing reasons, Allstate respectfully requests that summary judgment enter in its favor with respect to Count 2 of plaintiff's complaint, including plaintiff's more definite statement relative to Count 2.

Defendant,
Allstate Insurance Company,
By its attorneys,

HIGGINS, CAVANAGH & COONEY, LLP

Paul S. Callaghan, Esq. #4931
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed to the following counsel of record on this 30th day of July, 2007.

Dennis Bossian, Esq.
Law Offices of Dennis Bossian
231 Quaker Lane
West Warwick, RI 02893

Tracy Folan