**EXHIBIT 1**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT INDEPENDENCE

DALE DEER and )
TERRI DEER, )

Plaintiffs, ) . '

vs. ) CaseNo.0516-CV24031

ALLSTATE INSURANCE COMPANY, )

Defendant, )

and )

PAUL JASON ALDRIDGE, )

Defendant/Cross-Claimant. ) -

**ORDER**

On July 2,2007, the parties appeared before the Court for a Show-Cause hearing set by Court Order of June 14, 2007. The plaintiffs, Dale and Terri Deer, appeared through couns el Dirk Vandevcr. Defendant, Allstate Insurance Company ("Allstate"), appeared through its counsel, Paul Hasty. Co-defendant, Paul Jason Aldridge ("Aldridge"), appeared through counsel, Steve Garner, Andrew Gelbach, and Jeff Bauer.

No evidence was adduced by the parties, although counsel stipulated that the Court had previously entered discovery Orders with which Allstate had not complied, Allstate presented no evidence as to why it failed to produce such documents.

The procedural history underlying the show-cause order is as follows:

1. Aldridge filed a motion for additional sanctions for failure to comply with the Court's latest discovery order and suggestions in support on May 25,2007. Aldridge then filed an alternative motion for contempt against Allstate for failure to comply with the Court's discovery orders. This motion was accompanied by suggestions in support, and was filed May 31,2007.

2. On June 14, 2007, this Court faxed an Order to Show Cause to all parties, The show-cause hearing was ordered to take place on July 2,2007, at 1:30 p.m.

3. Having established the procedural history, the Court's findings at the hearing were as follows:

a. Allstate filed no response or suggestions to either Aldridge's Motion For Additional Sanctions or Aldridge's Motion For Civil Contempt;

b. Allstate presented no evidence for consideration at the Show -Cause hearing July 2, 2007. Specifically, Allstate presented no affidavits and called no witnesses to provide testimony. .

c. Allstate currently stands in violation of two separate Orders of the Court, wherein Allstate was ordered to respond to discovery, in particular Interrogatories and Requests For Production,

d. A prima facie case for civil contempt against Allstate for violation of the Court's two Orders has been shown. Allstate has offered no evidence to show either an inability to produce the documents, or that its ongoing violation of this Court's Orders is not an act of contumacy. Allstate has in fact presented no evidence to either excuse or justify its continuing violations of this Court's Orders.

4. Based on the foregoing findings, the Court hereby finds defendant, Allstate Insurance Company, in Contempt of Court.

5. Having found defendant, Allstate Insurance Company, in Contempt of two separate Orders of the Court and having found that defendant, Allstate Insurance Company, has not attempted to provide any evidence to explain, justify, or excuse its refusal to honor two separate Court Orders, Defendant, Allstate Insurance Company, is ordered to pay to Defendant/Cross Claimant, Aldridge, the sum of Twenty Five Thousand Dollars ($25,000) per day, beginning Friday, September 14, 2007. The Twenty Five Thousand Dollar ($25,000) per day contempt Order

will continue each and every day Defendant Allstate Insurance Company is in Contempt of the Court's Orders, and shall end when Defendant Allstate Insurance Company purges itself of its Contempt by complying completely and fully with the Court's prior Orders of February 27, 2007 and May 11, 2007, by producing all discovery Ordered.

6. If Allstate has not complied by fully and completely responding to the discovery as previously ordered by the Court by September 28, 2007, the Court will entertain additional motions concerning the appropriate penalty in this case.

7. In making this Order, the Court cautions Defendant, Allstate Insurance Company, that it cannot and will not tolerate a party intentionally ignoring its Orders and, should Allstate not respond to the Orders and further hearing be required, the Court upon motion will consider additional and/or more severe penalties to ensure compliance.

IT IS SO ORDERED.

MICHAEL W. MANNERS
JUDGE, DIVISION 2

Dated: *September 12,* 2007