EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUNICE WELLS, on behalf of herself
and All Others Similarly Situated

Plaintiffs,

vs.

NO. 1:00-CV-00760 (LFO) (DAR)

ALLSTATE INSURANCE COMPANY,

and

ALLSTATE INDEMNITY COMPANY

Defendants.

PLEASE READ THIS NOTICE CAREFULLY. YOU MAY HAVE THE RIGHT TO A PAYMENT OF BETWEEN $150 TO $1,200 AS A RESULT OF THIS LAWSUIT.

THIS LAWSUIT HAS BEEN CERTIFIED AS A CLASS ACTION. YOU HAVE BEEN IDENTIFIED AS A POSSIBLE MEMBER OF THE CLASS.

THE CASE HAS BEEN SETTLED, WHICH MEANS THAT ALLSTATE INSURANCE COMPANY AND ALLSTATEINDEMNITY COMPANY HAVE AGREEDTO PAY ITS D.C. POLICYHOLDERS AND BENEFICIARIES OF ITS POLICIES BETWEEN $150 AND $1,200 EACH, IF THEY MEET THE FOLLOWING QUALIFICATIONS:

TO BE ELIGIBLE TO RECEIVE THIS PAYMENT:

(!) YOU'MUST HAVE BEEN AN ALLSTATE INSURANCE COMPANY OR ALLSTATE INDEMNITY COMPANY AUTOMOBILE POLICYHOLDER. OR BENEFICIARY OF A POLICY WRITTEN BY EITHER OF THESE COMPANIES BETWEEN MARCH 20, 1997, AND JULY 6, 2006, AND;

(2) DURING THAT TIME, YOU MUST HAVE FILED A CLAIM FOR UNINSURED, OR UNDERINSURED MOTORISTS BODILY INJURY . DAMAGES AS A RESULT OF AN AUTO ACCIDENT, AND;

(3) YOU MUST HAVE BEEN REPRESENTED BY A LAWYER WHEN YOU MADE THAT CLAIM, AND;

(4) YOU MUST HAVE BEEN PAID IN PART OR IN FULL ON THAT CLAIM; AND

(5) YOU MUST FOLLOW THE INSTRUCTIONS BELOW IN SECTION C(l) FOR SUBMITTING A VALID CLAIM FORM AND DECLARATION WITHIN THE REQUIRED TIME PERIOD.

THIS NOTICE WILL EXPLAIN THE LAWSUIT, THE SETTLEMENT, AND HOW TO MAKE A CLAIM FOR PAYMENT.

A. The Lawsuit

Eunice Wells, a resident of the District of Columbia, had an automobile liability insurance policy with the Allstate Indemnity Company. In 1998, Ms. Wells was injured in a "hit and run" motor vehicle accident. As a result, she made a claim for "uninsured motorist benefits" with Allstate ("Allstate Insurance Company" and "Allstate Indemnity Company" are further referred to in this notice as "Allstate" collectively), under her policy. In March 2000, Ms. Wells sued Allstate in the Superior Court for the District of Columbia in order to obtain those "uninsured motorist benefits." Allstate denied liability, and removed the case to the United States District Court for the District of Columbia, where it is now pending.

Charles Rawlings is also a resident of the District of Columbia who had an automobile policy with Allstate. After Mr. Rawlings was injured in an automobile accident on October 21,2000, with a driver whose auto insurance had lapsed, he also made a claim for uninsured motorists benefits with Allstate. Later, he joined Ms. Wells in this lawsuit, seeking additional payments from Allstate.

Ms. Wells and Mr. Rawlings claim in this lawsuit that Allstate was in violation of the *District of Columbia Consumer Protection Procedures Act* (hereafter abbreviated as *DCCPPA)* as a result of the manner in which Allstate handled their claims. They allege that Allstate delayed their payments simply because they had hired counsel to represent them.

Allstate denies all of these allegations. Allstate has defended this case vigorously but both sides want to end the suit now, before trial, recognizing that the lawsuit has costs and risks for both sides if it goes forward. Settlement is not an admission by Allstate that it has violated the DCCPPA.

Ms. Wells, Mr. Rawlings, and Allstate have presented a settlement agreement to the Court. You can get a copy of the full agreement by contacting the lawyer listed below. To summarize its main provisions, Allstate agrees to set aside, up to $800,000 to pay D.C. policyholders who qualify. The amount you qualify for depends on how long it took for Allstate to make payment to you on your uninsured or underinsured motorist claim. Those who waited the longest will receive larger shares of the $800,000, those who waited the least amount of time will receive smaller shares. Allstate has also agreed to pay Ms. Wells and Mr. Rawlings $10,000.00 each for bringing this lawsuit, and to pay the lawyers for Ms. Wells, Mr. Rawlings and the Class up to $725,000.00, for their attorneys' fees and costs.

The Court has authorized Allstate to send you this Notice of the Settlement so you can make a claim if you want to do so. This notice is also sent to inform you that, if this settlement is approved, at a hearing to be held on May 13, 2008, the case will be over, and you will have no further rights to make a claim for payment from Allstate for anything related to the uninsured and underinsured motorist benefits that were the subject of this suit. This NOTICE should not be construed as an expression of any opinion by the Court as to

the merits of the claims made by Ms. Wells or Mr. Rawlings or as to the merits of any defenses raised by Allstate. It merely means that the Court has given preliminary approval to the Settlement on the general terms described above.

B. Class Certification

Allstate's records indicate that you are a possible member of the Class. That means that Allstate's records show that you had an Allstate policy between March, 1997, and July, 2006, that you made a claim for uninsured motorists or underinsured motorist benefits during that time period, that you were represented by a lawyer, and that your claim was paid by Allstate in part or in full.

Peter A. Chapin of the law firm of Sacks & Chapin, P.C., and David E. Tompkins of the law firm of Lewis & Tompkins, P.C. in the District of Columbia are class counsel. They are working with Thomas J. Minton of the law firm of Goldman & Minton, P.C. in Baltimore, and George W. Croner of the law firm of Kohn, Swift & Graf, P.C. in Philadelphia, in representing the Class. (These lawyers are referred to collectively as "Class Counsel"). As a group, these lawyers have been approved by the Court to represent your interests in this case. They will be paid, if the settlement is approved, by Allstate, in an amount up to $725,000. 00. This payment does not come from the $800,000.00 fund Allstate has set aside to pay you and the other class members.

**C. Your Rights and Options as a Possible Class Member**

1. MAKING A CLAIM: If you agree that the settlement is fair, and you want -to make a claim for a payment of between $150.00, and $1,200.00, you have to fill out the attached form, execute the attached Declaration, and send the documents to the claim center with a postmark before April 15, 2008. If you have any questions about the claim form, you can call a toll-free number: 1-866-225-7807. Or you can contact the offices of Mr. Chapin, whose contact information appears below. If you fill out the form completely, return it within the required time period, and there is no appeal or delay in securing final approval for the Settlement, you should receive a payment by mail by September, 2008.

2. OBJECTIONS: You can also object to the settlement, by submitting a written objection, providing the reasons you object, to the Court at the address below. Be sure to indicate on the front of your objection that you are objecting to the settlement in "Wells v. Allstate, no. 1:00 CV 00760 (LFO)(DAR)." You must also send copies to Mr. Chapin's office. If you send a written objection to the Court, you may also appear at a hearing on May 13, 2008 to explain your objection. You can appear by yourself, or you can retain a lawyer, but if you retain a lawyer, you will be responsible for his or her fees or expenses.

3. EXCLUSION REQUESTS: A third option is that you can elect to be excluded from the class. If you do not make this election, you will be bound by the settlement and entitled to make a claim for money. If you do elect to be excluded from the class, you will not be bound by any decision regarding the settlement. You will retain the right to pursue any similar claims you may have against Allstate on your own, at your own expense, but you will not be permitted to make a claim for a payment under the settlement. If you wish to be **EXCLUDED** from the Class, you **MUST** send a written request for exclusion, **BY FIRST-CLASS MAIL, TO:**

Peter A. Chapin, Esquire
Sacks & Chapin, P.C.

927 15th St, N.W., Ninth Floor
Washington, D.C. 20005

(202) 659-1200

Your request for exclusion **MUST BE POSTMARKED MO LATER THAN April 15, 2008, and must specifically state that you want to be excluded from the Class in this case.** The request for exclusion must provide the full legal name or names of the Allstate policyholders or beneficiaries who wish to be excluded, and the current address and telephone number of each such person.

D. **Other Matters**

Please do not call the Court or the Clerk of the Court about this case. You should contact your own attorney or direct your questions to Peter Chapin, Class Counsel, whose address and phone number is shown above, or call the toll free number and follow the directions. . " -

The name of this lawsuit is *Eunice Wells v. Allstate Insurance Company,* Civil Action no.: 1:00CV00760 (LFO)(DAR). Please refer to this case by this full title and case number in any communications with the Court.

This NOTICE is only a summary of this settlement All pleadings and. documents filed in Court (except those documents that may be the subject of a protective order) may be reviewed or copied in the Office of the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001. This is also the address where you should send any objections. This Notice is sent merely to advise you of the pendency of this settlement and your right to make a claim, object, or exclude yourself.

Louis F. Oberdorfer
United States District Judge