UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**RAYMOND BIGELOW**,

Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY & BRAD LALIBERTE,**

Defendants.

Civil Action No. 1:08-cv-00254-S-LDA

**REPLY MEMORANDUM OF ALLSTATE INSURANCE COMPANY**
**IN SUPPORT OF ITS MOTION TO DISMISS**

To avoid a Rule 12(b)(6) dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Neither bombastic rhetoric nor sweeping conclusions satisfy that obligation. *See id.* at 1965. Nevertheless, in a desperate attempt to avoid dismissal, Plaintiff submits a thirty (30) page opposition brief ("Plaintiffs' Objection") replete with such rhetoric and conclusions. In so doing, Plaintiff asserts factual allegations and legal conclusions which are irrelevant, out-dated, and incomplete. All the while, Plaintiff fails to address squarely *any* of the four independent grounds upon which Allstate moved for dismissal. Because the Amended Complaint fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), the Amended Complaint should be dismissed.

## ARGUMENT

**1. <u>Plaintiff, As A Third-Party Claimant, Cannot As A Matter Of Law Assert A Bad Faith Claim Arising From Allstate's Defense Of Its Insured, Laliberte</u>.**

Plaintiff does not dispute that, under Rhode Island law, a third party claimant cannot assert a bad faith claim against the tortfeasor's liability insurer. Plaintiff likewise does not dispute he cannot assert a bad faith claim against Allstate (Defendant Laliberte's insurer) arising out of its handling of his bodily injury claim against Mr. Laliberte. Thus, to avoid dismissal, any claim against Allstate *must* arise out of Plaintiff's status as an Allstate insured.

Nonetheless, the only alleged personal wrongs that Plaintiff can point to in his Objection are grievances arising from Allstate's handling of his bodily injury claim. By way of example, Plaintiff suggests that, after a statutory arbitration of his bodily injury claim against Defendant Laliberte, Allstate improperly rejected the arbitrator's award.[1/] *See* Plaintiff's Objection at 11-12, 19-20. By way of further example, Plaintiff suggests that Allstate's refusal to settle and, instead, defend its insured, Mr. Laliberte, is patently unreasonable. *Id.* at 26, 29. Indeed, Plaintiff describes his bodily injury claim as a "textbook example" of Allstate's alleged unfair claims settlement practices. *Id.* at 11. Such third party claims are the sum and substance of Plaintiff's purported dispute with Allstate. As a third party claimant, however, Plaintiff has no legal standing to assert such claims against Allstate. Consequently, Plaintiff lacks any viable claim against Allstate arising out of its handling of his bodily injury claim, and any such claim must be dismissed with prejudice.

---

[1/] The statute permits Allstate to reject the arbitration award. *See* R.I.G.L. § 8-6-5. Plaintiff does not contend otherwise. Although outside the scope of the Rule 12(b)(6) inquiry, it is worth noting that the arbitrator found Plaintiff eighty percent (80%) negligent. *See* Arbitration Award, dated November 18, 2004.

**2. <u>Allstate Is Not Contractually Obligated To Disclose Its Claims Handling Practices And Procedures.</u>**

Plaintiff does not dispute that the automobile insurance policy issued to Plaintiff does not contractually require Allstate to disclose its claims handling practices and procedures. Nor does Plaintiff dispute that the so-called "Customer Service Pledge" referenced in the Amended Complaint and Plaintiffs' Objection is not part of the automobile insurance policy and, as such, cannot form the basis of a breach of contract claim. Accordingly, there is no basis for Plaintiff's allegation that Allstate is contractually obligated to disclose its claim handling practices and procedures and, as such, Count 2 of the Amended Complaint alleging breach of contract should be dismissed.

Similarly, Plaintiff's allegation that Allstate does not disclose any information concerning its purported "defense of litigated files" (or "DOLF") claims handling program, *see* Plaintiff's Objection at 22, does not state a cognizable claim. Specifically, Plaintiff argues that he is entitled to relief based on the fact that Allstate has no policy, program, or protocol to disclose certain purported DOLF "benefits" to its insureds. *See id.* In the absence of a contractual obligation to disclose claim handling practices, Allstate's alleged non-disclosure of DOLF cannot form the basis for a viable claim against Allstate.

In the absence of any express contractual duty of disclosure, Plaintiff attempts to bolster his breach of contract claim by making conclusory allegations regarding an insurer's implied duty of good faith and fair dealing. In particular, Plaintiff states that that an insurer has an affirmative duty to engage in settlement negotiations to protect its insured from excess liability. *See* Plaintiff's Objection at 10-11, 17-19. Plaintiff further argues that courts generally favor the settlement of disputes. *Id.* at 17-10. Neither of these uncontroversial propositions supports Plaintiff's breach of contract claim. First, Plaintiff does not allege – nor can he – that Allstate's

handling of his bodily injury claim is subjecting him to an excess verdict. Plaintiff is the claimant. And, in his capacity as an insured, Plaintiff does not allege – nor can he – that there is any live dispute regarding claims made against his own policy. No claims have been made. Second, an insurer, such as Allstate, is not required to settle claims for the mere sake of settling them. *See Skaling v. Aetna Ins. Co.*, 709 A.2d 997, 1012 (R.I. 2002) ("not every refusal to pay amounts to insurer bad faith"). Finally, even if Plaintiff were subject to claims against his own insurance policy with Allstate – which he is not – he does not and cannot establish that non-disclosure of claim handling practices either exposes him to risk of an excess verdict or otherwise hinders reasonable settlement of claims against him. *Asermely v. Allstate Ins. Co.*, 728 A.2d 461, 465 (R.I. 1999) ("If the insurer declines to settle the case within the policy limits, it does so at its peril in the event a trial results in a judgment that exceeds the policy limits, including interest.").[2/] Any arguments to that effect are pure *non sequitor.*

Plaintiff's reliance upon *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), is misplaced. The decision does not apply here. In *Campbell*, plaintiffs offered to settle their claims within policy limits and the insurer refused. The resulting jury verdict was in excess of the available policy limits resulting in an excess verdict situation. The insured assigned its claims against State Farm to the plaintiff, who subsequently pursued various causes of action (as assignee of the insured) against State Farm. In contrast to *Campbell*, here, (i) the Plaintiff is a claimant; (ii) the insured has not assigned any rights to Plaintiff; and (iii) there simply is no excess verdict situation. Accordingly, *Campbell* fails to provide any support for Plaintiff.

To avoid dismissal, Plaintiff – in his capacity as an insured – must allege that Allstate failed to pay or settle a particular claim. Plaintiff, who is not subject to a claim against his

---

[2/] Interesting, in *Asermely*, Allstate was represented by Plaintiff's counsel, Dennis Bossian.

Allstate policy, cannot do so. Instead, Plaintiff makes sweeping conclusions that Allstate's insureds are somehow being harmed because it vigorously defends claims made against them.[3/] As his opposition brief reveals, however, Plaintiff's real complaint is that Allstate rejected the arbitration award and is vigorously defending its insured (Defendant Laliberte) against Plaintiff's claims. Such a complaint, however, cannot form the basis of a viable claim against Allstate.

### 3. **Plaintiff's Failure To Allege Injury Requires Dismissal Of His Amended Complaint.**

Plaintiff does not dispute that, to state a viable claim, he must allege damages. Accordingly, to avoid dismissal, Plaintiff must allege enough facts to show that Allstate's purported conduct caused him harm. The Amended Complaint, however, does not contain any such allegations. Plaintiff's Objection attempts to cure this defect by making conclusory allegations relating to increased litigation, rates and profits, and backlogs in jury trial calendars. Plaintiff also broadly states that putative class members "suffered and will continue to suffer economic and other damages to be proven at trial . . . ." Plaintiff's Objection at 29. Such allegations and statements fail to satisfy the Rule 12(b)(6) standards set forth in *Twombly*.

In *Twombly*, the Supreme Court held that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

---

[3/] Plaintiff suggests that, because Allstate's purported claims handling practice has generated litigation, the motion to dismiss should be denied. *See* Plaintiff's Objection at 30. Indeed, Plaintiff dedicates multiple pages of his opposition brief to discussing such litigation. *See id.* 2-7, 9-10, 27-29. As an initial matter, not only does any such purported litigation fail to satisfy the *Twombly* standard, but it is not properly considered in the Rule 12(b)(6) context because the litigation is not referenced in the Amended Complaint. At bottom, Plaintiff is attempting to distract this Court from the real issue; namely, Plaintiff's inability to allege a viable claim against Allstate upon which relief can be granted. As such, any and all references to other purported litigation should be disregarded. *See, e.g., Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. Similarly, consideration of a motion to dismiss is limited to the pleadings.") (citations omitted); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34 [2] (3d ed. 2000) ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. 1964-65. In so doing, *Twombly* "retired" the prior "no set of facts" language upon which Plaintiff relies. *Id.* at 1968 ("[w]e could go on, but there is no need to pile up further citations to show that *Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough"). And, as for Plaintiff's suggestion that Rule 12(b)(6) motions are disfavored, *Twombly* states just the opposite, cautioning courts to insist upon "some specificity in pleading below allowing a potentially massive factual controversy to proceed." *Id.* at 1967. To the extent that Plaintiff is suggesting that his claims should survive to permit him to conduct discovery in hopes of obtaining evidence sufficient to meet the *Twombly* standard, such ground is insufficient to defeat a Rule 12(b)(6) motion. As *Trombly* makes clear, service of a deficient complaint is not a license to take discovery in search of a viable cause of action. Because the Amended Complaint is deficient under the standard adopted in *Twombly*, Count 2 of the Complaint alleging breach of contract should be dismissed.

**4. Judge Thompson's Summary Judgment Decision Is Law Of The Case.**

Plaintiff does not dispute that the allegations set forth in the Amended Complaint were fully briefed, argued, and resolved by the Superior Court in its decision on Allstate's summary judgment motion. Plaintiff likewise does not dispute that the Superior Court's decision constitutes law of the case and, as such, the decision is binding upon the Plaintiff. Indeed, throughout his opposition brief, Plaintiff never mentions the summary judgment decision.[4/] Given that the prior summary judgment decision is binding upon the Plaintiff, Count 2 of the Amended Complaint should be dismissed for that reason as well.

---

[4/] Plaintiff suggests that Allstate's motion is an attempt to re-argue the motion to amend. Plaintiff is incorrect. The court simultaneously allowed Allstate's motion for summary judgment and Plaintiff's motion to amend. The summary judgment decision is law of the case.

**5. <u>Absent An Individual Claim, The Putative Class Claims Fail.</u>**

Plaintiff does not dispute that, absent an individual claim, the class claims fail. Because Count 2 of the Amended Complaint should be dismissed, Count 3, which purports to advance such claims on behalf of a putative class, should likewise be dismissed.

## CONCLUSION

As in *Twombly,* Plaintiff has failed to "nudge [his] claims across the line from conceivable to plausible." *Id.* at 1974. Consequently, Allstate's motion should be allowed and the Amended Complaint should be dismissed.

Allstate requests oral argument with respect to its Motion to Dismiss. Allstate anticipates that approximately thirty (30) minutes will be required.

**ALLSTATE INSURANCE COMPANY**,
By its attorneys,

/s/ Paul S. Callaghan
Paul S. Callaghan, Esq. #4931
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500
(401) 401-273-8780 (fax)
pcallaghan@hcc-law.com

/s/ Nancy D. Adams
Kevin M. McGinty, Esq. *(pro hac vice)*
Nancy D. Adams, Esq. *(pro hac vice)*
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
(617) 542-2241 (fax)
Nadams@mintz.com

Dated: September 4, 2008

## CERTIFICATE OF SERVICE

I, Nancy D. Adams, hereby certify that, on September 4, 2008, I served a copy of the foregoing *Reply Memorandum of Allstate Insurance Company in Support of Its Motion to Dismiss* on the following counsel of record either via the CM/ECF system or by U.S. Mail:

Dennis D. Bossian, Esq.
231 Quaker Lane
West Warwick, Rhode Island 02903
(401) 828-5463
(401) 828-5974 (fax)

/s/ Nancy D. Adams____________
Nancy D. Adams

4419326v.1