UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**RAYMOND BIGELOW**,

Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY & BRAD LALIBERTE,**

Defendants.

Civil Action No. 1:08-cv-00254-S-LDA

**ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S SUR-REPLY MEMORANDUM**

Defendant Allstate Insurance Company ("Allstate") submits the following memorandum of law in support of its Motion to Strike the Sur-Reply Memorandum in Opposition to Defendant's Motion to Dismiss (the "Sur-reply") recently filed by Plaintiff.

**ARGUMENT**

1. On August 11, 2008, Allstate filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss with supporting memorandum of law. Sixteen (16) calendar days later, on August 27, 2008, Plaintiff filed his objection. Pursuant to Local Rule CV 7(b)(2), on September 4, 2008, Allstate filed a reply memorandum in further support of its motion to dismiss. Allstate's reply memorandum closed the briefing on the Rule 12(b)(6) motion to dismiss.

2. In that regard, Local Rule CV 7(b)(3) provides as follows:

> "No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court."

Accordingly, absent prior leave of the Court, a party is not permitted to file a sur-reply. Nevertheless, in violation of Local Rule CV 7(b)(3), on September 8, 2008, Plaintiff filed the

Sur-reply containing new arguments and theories of liability without seeking leave from this Court. By way of example, in the Sur-reply, Plaintiff alleges for the first time that Allstate committed promissory fraud in violation R.I.G.L. § 11-41-29. Plaintiff's attempt to further amend the Amended Complaint by way of opposition, let alone an impermissible sur-reply, should not permitted.[1/]

3. Because the Local Rules prohibit Plaintiff from filing a sur-reply absent prior leave of the Court and because Plaintiff failed to obtain such leave of the Court, the Sur-reply should be stricken from the record as procedurally improper.

## CONCLUSION

For the foregoing reasons, the Sur-reply should be stricken from the record.

**ALLSTATE INSURANCE COMPANY**,
By its attorneys,

/s/ Paul S. Callaghan______________________
Paul S. Callaghan, Esq. #4931
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500
(401) 401-273-8780 (fax)
pcallaghan@hcc-law.com

/s/ Nancy D. Adams_____________________
Kevin M. McGinty, Esq. *(pro hac vice)*
Nancy D. Adams, Esq. *(pro hac vice)*
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
(617) 542-2241 (fax)
Nadams@mintz.com

1/ In the event this Court denies Allstate's motion to strike, Allstate requests leave of the Court to substantively respond to Plaintiff's newly and improperly submitted allegations.

**CERTIFICATE OF SERVICE**

I, Nancy D. Adams, hereby certify that, on September 12, 2008, I served a copy of the foregoing *Allstate Insurance Company's Memorandum of Law in Support of the Motion to Strike Plaintiff's Sur-reply Memorandum*, on the following counsel of record either via the CM/ECF system or by U.S. Mail:

Dennis D. Bossian, Esq.
231 Quaker Lane
West Warwick, Rhode Island 02903
(401) 828-5463
(401) 828-5974 (fax)

/s/ Nancy D. Adams____________
Nancy D. Adams

4425709v.2