UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAYMOND BIGELOW, | : | |
| individually and as representative | | |
| of all Rhode Island residents with | : | |
| current policies of automobile | | |
| insurance issued by Allstate | : | |
| Insurance Company | : | C.A. No. 1:08-cv-00254-S-LDA |
| Vs. | : | **Class Action** |
| ALLSTATE INSURANCE COMPANY & BRAD LALIBERTE | | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE OPPOSITION TO ALLSTATE'S MOTION TO STRIKE and MOTION FOR LEAVE TO FILE PLAINTIFF'S SUR-REPLY OUT OF TIME**

Bigelow individually and on behalf of the putative class submits the following memorandum of law in support of the opposition to Allstate's motion to strike and plaintiff's motion for leave praying that this honorable Court consider the plaintiff's Sur-Reply Memorandum filed out of time in ruling upon Allstate's Motion to Dismiss.

**ARGUMENT**

1. On September 4, 2008, Allstate filed a "Reply" memorandum in further support of its motion to dismiss.

2. Local Rule CV 7 (b) (2) provides as follows:

   "A reply memorandum shall consist *only* of a response to an objection and *shall not* present additional grounds for granting the motion, or reargue or expand upon the arguments in support of the motion. (Emphasis added)

Bigelow hereby respectfully submits that Allstate's Motion to Dismiss is a reconfigured re-argument of its written and oral arguments advanced in state Court in opposition to plaintiff's motion for leave to file the Amended Complaint. A review of Allstate's Rule 12 (b) (6) memorandum of law in support of its dispositive motion juxtaposed with its "Reply" memorandum, evidences the fact that Allstate failed to comply with Local Rule CV (b) (2) by rearguing or expanding upon the arguments already advanced in support of its dispositive motion that had already been submitted to chambers for this Court's consideration. In Allstate's memorandum of law in support of its

Motion to Dismiss and as *reargued or expanded* upon in its "Reply" memorandum, the carrier raises four arguments, to wit:

1) Allstate is not contractually obligated to disclose its claim handling practices and procedures to "customers" such as Bigelow and the putative class.
2) There is no statutory or regulatory provision mandating disclosure of Allstate's internal claims handling practices and procedures to "customers" such as Bigelow and the putative class.
3) The amended complaint fails to allege any injury resulting form the alleged breach.
4) The prior entry of summary judgment against the plaintiff (as to Count 2 of the *original* complaint) is the "law of the case."

For the first time, in its "Reply" memorandum, Allstate brings to this Court's attention R.I.G.L. § 8-6-5 that permits Allstate to reject the arbitration award. (See footnote 1 p. 2 of the "Reply") Moreover, and also for the first time, Allstate makes the "interesting" observation that Allstate was represented by

Plaintiff's counsel, Dennis Bossian, in *Asermely v. Allstate Ins. Co.,* 728 A. 2d 461, 465 (R.I. 1999). (See footnote 2, p. 4 of the "Reply") While "interesting" to Allstate, the relevancy and motive behind this footnote is suspect at best.

Similar to Allstate citing R.I.G.L. § 8-6-5 for the first time for the benefit of this honorable Court, counsel for Bigelow felt duty bound to bring to the Court's attention, R.I.G.L. § 11-41-29. This statute does not allege for the first time *any new* allegations against Allstate, but rather, provides statutory support for the allegations already sufficiently set forth in the Amended Complaint.

In summary, Bigelow believes and intends to prove that the "Customer Service Pledge" creates the illusion of a friendly, helpful "customer" relationship, with the express "promises" and concomitant fiduciary duties attaching thereto. In exchange for promising its "customers," such as Bigelow, valuable "quality" services, Allstate is asking its "customers" to forego valuable legal rights. Allstate ought to be held accountable to actually perform in accordance with these express "promises." Most troubling, is the undeniable fact that the promises expressly made by Allstate, via its "Customer Service

Pledge" are, in essence, the same services provided for a fee by licensed attorneys.

## CONCLUSION

For the foregoing reasons, Allstate's motion to strike should be DENIED. Bigelow and the putative class hereby respectfully request that leave be granted by this honorable Court to consider the Sur-reply in addressing and ruling upon Allstate's Motion to dismiss.

Raymond Bigelow, et al
By plaintiff's attorney,

/s/Dennis D. Bossian, Esq. #3674
231 Quaker Lane
West Warwick, RI 02893
(401) 828-5463 Ph

## CERTIFICATION

I Dennis D. Bossian, Esq., hereby certify that a true and accurate copy of the foregoing Memorandum of Law in Support of the Opposition to Allstate's Motion to Strike and Plaintiff's Motion for Leave to file the Sur-Reply, either via the CM/ECF system or by U.S. mail, has been furnished to:

Paul S. Callaghan, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Nancy D. Adams, Esq
Kevin M. McGinty, Esq.
Mintz, Levin, Cohn, Ferris
Glovsky and Popeo, PC
One Financial Center
Boston, Massachusetts 02111

/s/Dennis D. Bossian, Esq.
Dennis D. Bossian, Esq.

Dated: September 17, 2008